51 583
91 453

[No. 4986.]

## THE MARKET STREET RAILWAY COMPANY *v.* THE CENTRAL RAILWAY COMPANY.

STREET RAILROADS.—The maintenance of a horse-railroad on the streets of a city is a mere special mode of using the street, and does not exclude the public from the use of the street, nor prevent the crossing of its track by another railroad, provided the crossing is effected with as little damage as may be.

RIGHT OF RAILROAD COMPANY TO OCCUPY STREET.—If one street railroad company is occupying or using a street without proper license to do so, it is no concern of another railroad company having a railroad on the same street, but must be inquired into by proceedings on behalf of the public.

APPEAL from the District Court, Nineteenth Judicial District, City and County of San Francisco.

The plaintiff had a street railroad on which it was running cars for the carriage of passengers, extending along the centre of Market street, San Francisco. The road was constructed under a permission granted in an act of the Legislature passed April 6, 1857 (Stats. 1857, p. 178), and acts amendatory thereof passed in 1858, 1861, and 1863. On the twenty-ninth of October, 1875, the Board of Supervisors of the city and county of San Francisco passed an ordinance granting to the defendant the right to lay down and operate railroad tracks along Market street from Turk to Powell, and thence along Turk and Powell. The defendant claiming to act under this ordinance, laid down two railroad tracks on Turk street from Taylor street to Market, thence along Market street to Powell, and thence along Powell street to Geary. One of these tracks passed along Market street on the north side of the track of the plaintiff's railroad track, and five feet distant therefrom; and the other passed along Market street on the south side of the plaintiff's track, and five feet distant therefrom.

The track which passed along the southerly side of the plaintiff's track crossed the defendant's track in Market, after leaving Turk street, and again crossed the defendant's track in turning out of Market into Powell street. The distance from Turk street to Powell along Market is several blocks. The defendant had nearly completed its tracks on Market street, and was about to arrange so as to cross the plaintiff's track at Turk and Powell streets with its track which passed down the southerly side of the plaintiff's track. This action was commenced to enjoin the defendant from acting under the city ordinance, and from operating its railroad upon the route described in the ordinance, and from disturbing the plaintiff's track in any manner. The judge made an order that the defendant show cause why the injunction should not be granted, and, in the meantime granted a restraining order. The defendant answered, and the application for the injunction was heard on the pleadings, and on affidavits. The motion was denied, and the restraining order was dissolved. The plaintiff appealed.

*McAllisters & Bergin,* for the Appellants.

As to the nature of the interest and estate secured to the plaintiff under these franchises: *Appeal N. B. & M. R. R.,* 32 Cal. 510, 511, 512; *Second and Third street R. Pass. Co.* v. *The Green and Coates street R. R. Co.,* 3 Phila. R. 430; *Boston* v. *Boston,* 16 Pick. 531; *Commonwealth* v. *Temple,* 14 Gray, 74; *Metropolitan R. R. Co.* v. *Quincy R. R. Co.,* 12 Allen, 279. The charter of the company requires it to lay its road in the centre of the street. The ordinance under which defendant proposes to act is in substantially the same terms. Where lands are already dedicated to a public use they cannot be appropriated to a similar use by a second appropriator. (*Matter of Boston and Albany R. R.,* 53 N. Y. 577.)

Under charter to the plaintiff, the centre of Market street already stood dedicated to the use of the plaintiff. The grant securing it is unqualified and unconditional. Even the Legislature itself could not interfere with it, much less the Board of Supervisors. One street railroad cannot cross another, save under express statute authority upon compensation made. Such crossing is no less an invasion of the rights of the company whose track is passed than would be the appropriation of any other of its property. (*Grand Junction R. R. Co.* v. *Commissioners, etc.,* 14 Gray, 565; *Old Colony* v. *Plymouth,* 14 Gray, 160.)

The ordinance of the city is void and confers no right on the defendant. The city cannot grant to a corporation the right to use its streets. The Legislature alone can do this, and the Legislature cannot grant this right as to that portion of the street already granted.

*Gunnison & Booth,* for the Respondent.

The ordinance is legal and valid because the Legislature authorized its passage. (Stats. 1871-2, 515.) A street railroad corporation has no vested right in the street, to the exclusion of any other street railroad, but simply an easement—a right to pass over the street using a particular kind of conveyance, but no exclusive right. (*N. Y. & Harlem R. R. Co.* v. *Forty-second Street R. R. Co.,* 50 Barb. 285; *People* v. *Kerr,* 27 N. Y. 188; 25 How. Pr. 258; *Com.* v.

*Temple*, 14 Gray, 76, and *Carson* v. *Central R. R. Co.*, 35 Cal. 335.)

By the Court:

The maintenance of horse-railroads, and running of cars upon the public streets of the city of San Francisco, designed for the carriage of passengers, is a mere special mode of using the highway, nothing more. The right to maintain such a railroad does not exclude the public from the use of the street, nor does it prevent the crossing of its track by another railroad maintained for a similar purpose, provided the crossing is effected with as little damage as may be.

We see nothing in the circumstances here which required the interposition of a court of equity to enjoin the Central R. R. Co. from maintaining their road in the manner they appear to have pursued.

The question made as to the authority of the city to grant the street railroad companies the right to use the streets of the city is not material to the disposition of this case.

If the defendant is in fact occupying or using the street without proper license to do so, it is no concern of the plaintiff any more than of any other private person, but must be inquired of by the appropriate procedure.

Order affirmed.