## T. & P. R'y Co. v. Rosedale Street R'y Co.

(Case No. 5357.)

1. INJUNCTION — PUBLIC STREETS.— A railway company owned a yard with sidings and track in an incorporated town, and through this yard ran a public street. The town council granted a street car company the right to run their road along this street, and the railway company sought to perpetually enjoin this company from constructing its track across the yard, sidings and track of the railway company. *Held:*

(1) The construction and operation of a horse railway on the public streets of a city, by authority from the city government, is not such new or additional burden upon the land as would entitle the owner of the fee to compensation therefor, or that would amount to such taking or damage as would require a condemnation of the right of way.

(2) Streets are acquired, established and maintained for the accommodation and convenience of the inhabitants and the general public, and may be used for the convenience of the public by the ordinary modes of conveyance operated upon such streets, the chief of which, in this case, was the street railway.

(3) As long as the street remains a public thoroughfare, the railroad company cannot complain of any inconvenience arising from the ordinary and usual modes of conveyance used by the public, such as a street railway. Railroad companies have not the exclusive right to a public crossing, but are restricted by public necessity and convenience.

(4) The public cannot be deprived of the use of a street by the erection of improvements, and it was no ground for an injunction in this case that the railroad company was prevented from erecting such improvements, or that it sustained inconvenience from the use of ordinary modes of conveyance upon the street.

APPEAL from Tarrant. Tried below before the Hon. M. D. Priest, Special Judge.

The statement of facts is set forth in the opinion.

*Davis, Beall & Rogers,* for appellant, cited: Const. of Texas, art. 1, sec. 17; Act of March 28, 1883 (General Laws of 1883, p. 36); Hamthun *v.* Holfman, 1 Tex. L. Rev., p. 236; Mills on Em. Domain, sec. 46; Pierce on Railways, pp. 154–157; 1 High on Injunctions, sec. 609; Matter of City of Buffalo, 68 N. Y., 167; Milwaukee R'y *v.* Faribault, 23 Minn., 167; Wager *v.* Troy Union R. R. Co., 15 N. Y., 526; Railway Co. *v.* Cumminsville, 14 Ohio St., 524; Boston & Lowell R. R. Co. *v.* Salem R'y, 2 Gray, 1; Prospect Park R'y *v.* Williamson, 91 N. Y., 552; Milwaukee *v.* Milwaukee R'y, 7 Wis., 85; Shumies *v.* St. Paul R'y, 10 Minn., 82; Southern Pac. R'y *v.* Read, 41 Cal., 356; Alexander, etc., R'y *v.* R. R. Co., 10 Am. & Eng. R. R. Cases, p. 30, and cases cited in note.

*O'Neill, Hunter & Stewart,* for appellee, cited: R. S., art. 375; 2 Greenl. Ev., secs. 662, 663; Cincinnati *v.* White, 6 Peters, 331; 10 Am. & Eng. R'y Cases, 266; Dillon on Munic. Corp. (3d ed.), secs. 627, 630, 631, 637, 638, 642; Hess *v.* Balt. R'y Co., 52 Md., 242; People *v.* Kerr, 27 N. Y.; 94 N. Y., 148; Eichels *v.* Evansville St. R'y Co., 78 Ind., 261; 33 Amer. Dec., 504; Dillon on Mun. Corp. (2d vol., 3d ed.), secs. 724–726; 33 Amer. Dec., 504; 8 Dana, 289.

WATTS, J. COM. APP.— This is a suit by the Texas & Pacific Railway Company against the Rosedale Street Railway Company, whereby it is sought to perpetually enjoin the latter from constructing its track across the yard, sidings and track of the former, and operating its street cars thereon at a point in the city of Fort Worth where it is claimed by the appellee that the yard, sidings and track of the appellant is crossed by Jennings avenue, a public street.

Upon the trial the court below dissolved the preliminary injunction, and entered judgment dismissing the suit.

From the record it appears that the real contested issue of fact was as to whether Jennings avenue was a public street, and crossing the yard of the appellant at the point claimed by appellee.

Upon that issue the evidence disclosed by the record is quite full, and in which there are seeming conflicts and contrariety. The court below, however, after a consideration of the evidence, found that Jennings avenue was a public street of the city, and that it extended across the yard, sidings and track of appellant at the point claimed by appellee.

There is no necessity for an extended and critical examination of the evidence for the purpose of showing that the finding of the

court upon this issue is sustained by it. Several of the witnesses testified that Jennings avenue was a public street, occupying the position as claimed by appellee, and continuously used and recognized as such for a number of years previous to the acquisition of the yard by appellant, and the construction of its sidings and track thereon. That in constructing the sidings and track in 1876, appellant recognized this as a public crossing, and then established a good, wide and substantial crossing over the railroad tracks, and has maintained and kept the same in good repair ever since that time; and also erected a large sign at the place, and painted thereon in large letters the words: "Railroad Crossing," and that the same has been kept standing at the place at all times since its erection. And that for years before the construction of the railroad, as well as ever since that time, this crossing has been constantly and continuously used as a public thoroughfare.

There is also evidence in the record to the effect that the appellant, through its superintendent, some time previous to the institution of this suit, applied to the city council for the privilege of closing up Houston street, which also crossed the yard, and in consideration therefor agreed to repair and keep in good order the crossing of Main street, and any other street west of Houston street, suggesting Jennings avenue. And that the city accepted the proposition, designating Main street and Jennings avenue as the streets to be repaired by appellant. Thereupon appellant closed up the crossing on Houston street, and the same remained closed at the time of the trial.

In the further consideration of the case, it will therefore be assumed as a concluded fact that Jennings avenue is a public street in the city of Fort Worth, leading across the appellant's yard, sidings and track at the place claimed by appellee.

It also appears from the record that appellee is a duly incorporated company, and that the city of Fort Worth is a municipal corporation. Also that previous to the bringing of this suit, the city council of Fort Worth had, by ordinance duly adopted, granted the right to appellee to construct, maintain and operate a street car line along Jennings avenue across the appellant's yard and to the southern portion of the city, which street car line was to be operated by horse power.

Upon this state of case appellant claims that as the fee to the land constituting the yard was in it, that constructing, maintaining and operating the street car line would constitute such additional taking or damage to the land as would require the right of way

therefor to be condemned by the exercise of the right of eminent domain.

This question has undergone thorough and critical examination in the supreme and appellate courts of several of the states, and it seems that with the exception of one adjudicated case, they all agree that the construction and operation of a horse railway on the public streets of a city, by authority from the city government, is not such new or additional burden imposed upon the land as would entitle the owner of the fee to compensation therefor, or that it would amount to such taking or damage as would require a condemnation of the right of way. Attorney-General v. Metropolitan Railroad Company, 125 Mass., 515; Hobart v. The Milwaukee City R. R. Co., 27 Wis., 198, Eichels v. The Evansville Street R'y Co., 78 Ind., 266; Hinchman v. The Paterson Horse R. R. Co., 17 N. J. Eq., 75; Brown v. Duplesis, 14 La. Ann., 842; Elliott v. Fair Haven, etc., R. R. Co., 32 Conn., 579; Market St. R. Co. v. Cent. R. R. Co., 51 Cal., 583; Street Railway v. Cumminsville, 14 Ohio St., 523. See, also, Cooley's Constitutional Limitations, 687.

In the case of Craig v. Rochester City & B. R. R. Co., 39 N. Y., 404, which was by a divided court, the contrary doctrine was announced. It was maintained by a majority of the court that the construction and operation of a horse railway along a public street did constitute such additional burden as entitled the owner of the fee to compensation. But Mr. Justice Mason, in a dissenting opinion, cites cases to show that this holding by a majority of the court was in conflict with previous decisions of the supreme court and also the court of appeals of New York.

Undoubtedly the proposition previously announced is sustained by reason and the great weight of authority.

But it is asserted that by reason of the peculiar wording of our constitution, the authorities elsewhere have no application here. The provision is as follows: "No person's property shall be taken, damaged or destroyed for or applied to public use without adequate compensation being made."

By reference to the cases cited, it will be seen that some of them proceed upon the basis that the construction, etc., of a street railway along a public street works no injury to the owner of the fee. No damage, it seems to us, could be inflicted upon the owner of the fee by adding this additional mode of conveyance to those already in use upon the street, and especially where the track is properly constructed so as to occasion no special injury to others.

Streets are acquired, established and maintained for the accommodation and convenience of the inhabitants of the city and the

general public.   And however acquired, whether by purchase, condemnation, dedication or prescription, it is that they may be used for the convenience of the public, by the ordinary and usual modes of conveyance operated upon such streets, chief amongst which is the street railway.

With us the city authorities have the power to consent that the streets of the city may be used to a reasonable extent by street railway lines.   Const., art. 10, sec. 7; City R'y Co. v. Gulf City R'y Co., decided at recent Galveston term.

But aside from the questions considered, it is asserted by appellant that the operation of the proposed street car line across its yard at that point would greatly inconvenience its use of the sidings and track there.   That in making up trains and switching cars from one point to another upon the yard, the passing street cars would at times necessarily impede such movements.

It must be remembered that Jennings avenue is a public street, running across the yard of appellant, and constantly used by the public as such, in and by all the usual and ordinary modes of conveyance.   And doubtless the passing of wagons, drays, omnibuses, and other vehicles, interferes with the operations of the company upon the sidings and track at that point, quite as much as would result from passing street cars.   As long, however, as the street remains a public thoroughfare, appellant would not be heard to complain of such inconvenience, because these are the ordinary and usual modes of conveyance used by the public.   So it may be replied the street railway is included among the usual modes of conveyance along the streets of the city, and although in some respects inconvenient, this must, in the interest of the general public, be acquiesced in by all parties.

As was remarked in H. & T. C. R'y Co. v. Wilson, 60 Tex., 144: "It is a mistake to suppose that railway companies have the exclusive right to public crossings.   There the duties of the company and public are reciprocal, and the rights of each restricted by public necessity and convenience."

Our conclusion is, that the inconvenience resulting to appellant from passing street cars would not constitute grounds for an injunction.

Again, it is asserted by appellant that such use of Jennings avenue across the yard would greatly interfere with, and practically prevent, necessary and contemplated improvements by appellant, such as a round-house, machine shops, coal chute, blacksmith shop, boiler house, etc.

Assuming that Jennings avenue was not a public thoroughfare

passing across the yard, then in any proceedings by the city council to establish such thoroughfare across the yard, these necessary and contemplated improvements might be considered as good grounds of defense; or might perhaps be good grounds for an injunction. Railroad Company v. Williamson et al., 91 N. Y., 552; Application of City of Buffalo, etc., 68 N. Y., 167; Milwaukee, etc., R'y Co. v. City of Faribault, 23 Minn., 167.

Here, however, the street is, and has been, according to the finding of the court, for a long time, an established public highway, and recognized as such by appellant in the construction of its track and sidings.

Now as long as it remains a public highway, it is not perceived upon what principle appellant would have the right to interfere with it as such by the erection of the proposed improvements. The public could not be deprived of the use of the street by the erection of such improvements. And while it remains an open and established public street, it may be used by street cars as well as other vehicles.

Our conclusion is that there is no error in the judgment of the court below, and that it ought to be affirmed.

AFFIRMED.

[Opinion adopted April 28, 1885.]