Fort Worth & Rio Grande Railway Company v. S. J. Jennings.
No. 2852.

1. **Right of Way.**—A grant of right of way to one railway company does not authorize it to operate its road, and to convey a portion of the unused right of way to another company for the same purpose, without the consent of the owner of adjacent land damaged thereby, and without compensation for such damage.

2. **Same—Injunction.**—Injunction can be maintained against the railway company attempting to build upon the right of way of another, at suit of adjacent land owner damaged by the act complained of.

Appeal from Tarrant. Tried below before Hon. Seth W. Stewart.
The opinion states the case.

*N. A. Stedman*, for appellant. — 1. A grant of right of way by deed containing no limitation confers a perpetual easement in the nature of a

fee upon the grantee.    Railway v. Ruggles, 7 Ohio St., 1; Mills on Em.. Dom., sec. 110; Pierce on Rys., p. 132; 2 Wood on Rys., p. 770.

2.   As long as the property is used for railroad purposes, it is imma-- terial whether the company that acquired the land or some other by its permission use it; and this is so regardless of whether the fee to the land is in Jennings and wife or not.   Railway v. Rosedale Co., 64 Texas, 80; State v. Maine, 24 Conn., 89; Pierce on Rys., pp. 232, 238, and note; 2 Wash. on Real Prop., pp. 4–6; 6 Am. and Eng. Encyc. of Law, p. 557; Hatch v. Railway, 18 Ohio St., 92; Crolley v. Railway, 14 Am. and Eng. Ry. Cases, 49; Spence v. Railway, 20 Am. and Eng. Ry. Cases, 125.

3.   Plaintiff is entitled to no damage by reason of the construction and operation of defendant's road at a place remote from plaintiff's prop-- erty, especially where her damage is not special to her.    Rochette v. Rail- way, 17 Am. and Eng. Ry. Cases, —; Houck v. Watcher, 6 Am. Rep., 332; Railway v. Meadows, 73 Texas, 32; Railway v. Lippencott, 2 Am. State Rep., 618; Railway v. Marchant, 4 Am. State Rep., 659; Halde- man v. Burckhart, 84 Am. Dec., 511.

*John D. Templeton* and *Hyde Jennings,* for appellee.— 1.  A grant of right of way to a railway or its successors confers no authority on such railway to convey any part of said right of way except to the purchasers of its franchises, etc.   Railway v. Doe, 114 U. S., 340; Platt v. Railway, 22 Am. and Eng. Ry. Cases, 129; Sapp v. Railway, 51 Md., 51; Smith County v. Railway, 65 Texas, 21.

2.   The deed of right of way from appellee to the Texas & Pacific Railway Company conveyed nothing but an easement, without profit to the Texas & Pacific Railway, and the construction of any other railway thereon would be an additional burden for which she would be entitled to damages.    Platt v. Railway, 22 Am. and Eng. Ry. Cases, 129; Rail- way v. Durrett, 57 Texas, 48; Railway v. Reed, 41 Cal., 256; Vermillya v. Railway, 55 Am. Rep., 279; Tutt v. Railway, 6 S. E. Rep., 831; Iron Co. v. Canal Co., 15 Atl. Rep., 227; Imlay v. Railway, 26 Conn., 249; Pierce on Rys., 260, 496, 497.

3.   If said Fort Worth & Rio Grande Railway had been constructed over said Texas & Pacific right of way, it would have been a taking of or damage to plaintiff's land, and she had the right to restrain it by injunc- tion, without alleging in her petition that appellant was insolvent, or that her damages would be irreparable.    Const., art. 1, sec. 17; Railway v. Eddins, 60 Texas, 656; Railway v. Fuller, 63 Texas, 467; Tait v. Rail- way, 63 Texas, 223; 2 High on Inj., sec. 622, *et seq.*

4.   Plaintiff is entitled to damage by reason of the construction of de- fendant's railway across a street or streets on which plaintiff's lots abut, although such lots may be remote from such crossing.    Railway v. Ed- dins, 60 Texas, 656; Railway v. Fuller, 63 Texas, 467; Tait v. Railway,

Id., 223; Railway v. Meadows, 73 Texas, 32; Haney v. Railway, 3 Ct. App. C. C., sec. 278, *et seq.;* 3 Suth. on Dam., 423, 424.

COLLARD, JUDGE.—The conveyance of plaintiff to the Texas Pacific Railway Company of a right of way through her land in the city of Fort Worth, vested in the company a perpetual easement for the purposes of right of way for its road. Pierce on Rys., 130.

The fee was not conveyed, but remained in the vendor. This company having constructed its road on the right of way designated, and operating the same, transferred a part of its right of way between its track and adjacent lots to appellant, the Fort Worth & Rio Grande Railway Company, and the latter company has taken steps to build its road on this strip without compensation to Mrs. Jennings, whose adjacent lots will be injured or damaged by depreciation in value if the road is built.

Can this be done? The direct question has not been decided in this State, but kindred questions have been decided and discussed by the Supreme Court, a brief review of which will greatly aid us in deciding the question before us.

In the case of Houston & Texas Central Railway v. Odum, 53 Texas, 353, Justice Gould, delivering the opinion, says: "The use of a street by a railroad is not ordinarily inconsistent with its continued use for the common purposes of a street. The authorities are numerous and conclusive that such an addition to the uses of a street, the fee being in the public, if authorized by the Legislature, gives the lot owner no right to compensation, although his easement in the street be thereby partially impaired and his lots rendered less valuable. The regulation or enlargement of the use of the street, the property of the State, by the Legislature, is not a taking of property within the meaning of the Constitution of 1869, although the lot owner may thereby suffer incidental inconvenience or injury."

The Constitution of 1869 provided that "no person's property shall be taken or applied to public use without just compensation being made, unless by consent of such person." Const. 1869, art. 1, sec. 14; 2 Pasch. Dig., p. 1101.

The owner's rights in property are better guarded under the Constitution of 1876. It declares that "no person's property shall be taken, damaged, or destroyed for or applied to public use without adequate compensation being made, unless by consent of such person." Construing this language, it has been held that the term property as here used means "not only the tangible thing owned, but also every right which accompanies ownership and is its incident;" and that where the construction of a railroad inflicts an injury to such property (not common to all other property in the same community by reason of the general fact of the existence of the railway), then such property may be said to be dam-

aged, for which there must be compensation to the owner. In Gulf, Colorado & Santa Fe Railway v. Fuller the court affirmed a judgment for damages in favor of the owner of lots and improvement on a street in which, by legislative authority, a railway company had built its road.

In another later case, decided at the Galveston Term, 1889, Justice Gaines, commenting upon the language of the Constitution, says: "Under the provisions of other constitutions which merely provided compensation to the owner for property taken for public use, it had been a question whether or not one whose property was immediately and directly damaged by a public improvement, though no part of it was appropriated, could recover for such damages. * * *

"The insertion of the words "damaged or destroyed" in the section of the Constitution quoted was doubtless intended to obviate this question, and to afford protection to the owner of property by allowing him compensation where, by the construction of a public work, his property was directly damaged or destroyed, although no part of it was actually appropriated." Texas & Sabine Ry. Co. v. Meadows, 73 Texas, 34.

It will now be seen that it is the law of this State that there need be no taking or actual appropriation of property to entitle the owner to damages on account of the construction of a railroad or other public works adjacent thereto, but that it is sufficient if the property be thereby directly and specially damaged, depreciated in value, as a result not common to all such property in the same community; and it will also be seen that where land has once been dedicated to the public as a highway it can not, even upon authority of the Legislature, be appropriated to other public uses so as to impose additional burdens upon other adjacent property, without adequate compensation to the owner. Wood's Ry. Law, 721, *et seq.;* Pierce on Rys., 232.

The rights acquired by condemnation of land for public purposes are similar to those ordinarily acquired by contract, unless otherwise stipulated in its deed. Mills on Em. Dom., secs. 110, 111; Pierce on Rys., 132. The use of a street for a horse car railway is not deemed a different use from that intended in its original dedication as a street. T. & P. Ry. Co. v. Rosedale Street Ry. Co., 64 Texas, 80.

The appellant contends in this case that the transfer of a part of its right of way by the Texas Pacific Railway Company to the appellant did not contemplate a use different from that intended in the deed conveying to it the right of way, and that consequently there could be no additional burden upon plaintiff's land by the building and running of defendant's road thereon. We can not agree to this proposition.

The deed of the right of way was to the Texas Pacific Railway Company, granting it the right to use the same perpetually in operating its road. There is no doubt that a legal sale of the franchise and road would carry everything appurtenant thereto—the right of way, as well as to op-

erate the road, and to take tolls for freight and passengers; but it may be doubted that it can sever a part of the easement, an incident of the franchise, from the franchise, and convey the same to another company itself. It has been held by the Supreme Court of the United States that "the right of way could not be sold on execution or otherwise to a purchaser who did not own the franchise." Railway v. Doe, 114 U. S., 341.

The same doctrine is maintained in Ohio. Platt v. Railway, 22 American and English Railway Cases, 130. But where one company sold its entire right of way to another, authorized to build and maintain a road between the same points, it was held that the owner of the fee was not injured or affected by the transfer, and that he could not call in question the capacity of the one company to sell nor the other to purchase. Crolley v. Railway, 14 Am. and Eng. Ry. Cases, 49.

A railway company pledged its road and appurtenances to the State; the road was sold to satisfy the pledge, and Lane purchased one section of the road. Without deciding whether his purchase included any of the corporate franchises in conjunction with other purchases, it was held that a sale by him to the Junction Company passed title to the right of way, provided it constructed the road as required by the first corporation. Railway v. Ruggles, 7 Ohio St., 1.

Where depot grounds were deeded to a railway company, and under sanction of the Legislature the property became vested in another company, it was held that the conditions of the original sale to the use of the first company was not violated. 2 Dutcher (N. J. R.), 13. A railway company made an assignment of its road and effects, which was adjudged valid by the courts. It was held that purchasers at the trustee's sale who afterwards incorporated acquired all rights of the old company under deed to the right of way. Pollard v. Maddox, 28 Ala., 321. It has been held that the interest in land acquired by deed to the right of way within the designated route may be transferred to another railroad company into which the original shall merge or consolidate with others by legislative authority. Railway v. Van Syckle, 8 Vroom, —; Pierce on Rys., 130; Id., 132, 133; Id., 496, 497. The foregoing four cases are cited in Pierce on Railways in support of the doctrine as stated in the text, "that a railway company may convey under authority of law to another corporation the interest in land which it has acquired by purchase of a right of way, to be used by the purchaser for the same purposes;" and we find that none of the cases supports the proposition that a railway company can sell a part of its right of way to another company so as to enable both companies to build and operate two roads on the same right of way. These authorities only go to the extent of holding that where there is a legal sale of the road (its corporate rights), or where there is a merger of roads, or where one road is abandoned and another company is authorized to construct the road on the same line, the right of way

may pass by sale. It may not be necessary in the case before us to decide whether a railway company owning the right of way may or not, with the consent of all interested parties, sell a part of it without at the same time conveying its franchise. It may be only necessary for us to inquire if this can be done without the consent of adjoining land owners, without compensation by purchase or condemnation, where their lands are damaged specially and not in common with the general public.

Appellant cites the case of Hatch v. Chicago & Indianapolis Railway Company, 18 Ohio State, 118, as sustaining its right to take the strip conveyed to it by the Texas Pacific Railway Company, and construct its road thereon without compensation to plaintiff for additional damages to her land. The land of plaintiff in the case cited was appropriated under the right of eminent domain for the purposes of a canal; the canal was made and used for many years; a railway company, by amicable agreement, had the canal company's interest in the right of way condemned for its use as a railway, without the consent of or compensation to the owner of adjoining land; the canal was abandoned, and the railroad constructed on the line. It was held that the easement was not abandoned by the canal company to the extent that it reverted to the original owner of the land; but it was also held that the owner was entitled " to recover the value of lands taken not formerly taken by the original condemnation, and also a fair compensation for such additional burdens and inconveniences not common to the general public as accrued to him and his entire tract on which the easement was imposed by reason of the change of uses." We do not see in what respect this case supports the position of appellant, but if it is supposed to do so it was overruled in the later case of Platt v. Pennsylvania Company, decided in 1885 by the same court, which is a case almost exactly in point with the one now under consideration. The Lake Shore Railway Company had appropriated, by condemnation, a strip of ground 100 feet wide by 1200 feet in length: constructed its road on the western half, along which the road was operated; for a consideration of $7500 the company agreed with another railroad corporation to let it have twenty-five feet wide of the unused half upon which to construct and operate another road and to so hold the same in perpetuity; the second road was built and operated on the surplus twenty-five feet, but no consideration was paid to the original owner, whose lot was thereby damaged. It was held "that the land owner by the first appropriation (where more land was appropriated than was necessary), an easement and not a fee having passed, could not be subjected to the occupancy and burden upon such surplus of another common carrier; it was also held that the original owner could not have recovered the surplus from the first company; but had the right after its sale to treat it as abandoned by the first company for its own uses," and that he was entitled to damages as upon an appropriation by the second company. It was also noted

by the court that this holding was not in conflict with the recognized right of a railway company to sell or lease its road with its franchises. 22 Am. and Eng. Ry. Cases, 130. The court also declared that plaintiff's case was supported by the cases of Junction Railway Company v. Ruggles, and Hatch v. Chicago & Indianapolis Railway.

There was a dissenting opinion holding that there was no change in the use of the easement and therefore no additional servitude upon the owner's land, but we think the reasoning of the majority of the court is conclusive and just. It can not be doubted that a right of way to one railway is less onerous than when the same is granted to two, and it must be held that a grant of way to one does not authorize it to operate its road and to convey a portion of the unused way to another company for the same purpose without the consent of the owner of adjacent lands damaged thereby, and without compensation to him for the damage so caused. We think injunction to restrain the building of the road by defendant until the plaintiff was compensated, or until the way was properly appropriated under the law, was the proper remedy. Pierce on Rys., 167, 168, 230.

Appellant contends that the court "erred in overruling its general demurrer to plaintiff's petition, because so much of said petition as alleges damages on account of the contemplated construction and operation of defendant's railway across Hill, Ochiltree, Ballenger, and Center streets, to property not abutting on the right of way of the Texas Pacific Railway Company, sets up a claim for damages too remote to furnish a basis for an action, and the injury, if any, is not special to plaintiff." If there was error in this part of plaintiff's petition, it being good in other respects, a general demurrer would not reach the defect.

The judgment of the court restrained defendant from building its road on the part of Texas Pacific Railway Company's right of way running through any portion of blocks 12, 13, 15, and 29 of Jenning's South Addition to the city of Fort Worth, and also that portion of the right of way occupying Hill and Center streets at the intersection of said streets between the center of said railway track and said block 29. The judgment accords and fixes no damages, but prohibits the building of the road "without the consent of the plaintiff, her heirs, or assigns, first had and obtained, or without proper appropriation of the same under the laws of the state." Hill and Center streets intersect at the corner of block 29, where the right of way cuts off the corner of the block; the block abuts on the side of the right of way on which defendant proposes to build its road. We can not say that there would be no damage to plaintiff by the construction of the road at this point, so causing additional obstruction in these streets. The question of amount of damages must be settled by the parties if they consent, or in the proceedings of condemnation, if de-

fendant resort to that method of appropriation as allowed by the judgment.

Our conclusion is the judgment of the court ought to be affirmed.

*Affirmed.*

Adopted March 4, 1890.