CHICAGO, BURLINGTON & QUINCY RAILROAD COM-
PANY V. M. C. STEEL, RECEIVER OF BEATRICE
RAPID TRANSIT & POWER COMPANY.

FILED APRIL 7, 1896.   No. 6355.

1. **Railroad Companies: EASEMENTS: STREET CROSSINGS.** An
ordinance authorizing the crossing of the streets of a
city by the tracks of a railroad company confers upon
the corporation therein named no exclusive use of such
crossing, but a use to be enjoyed in common with the
general public.

2. ———: ———: STREET RAILWAYS: DAMAGES. A railroad
company which has by ordinance acquired a permanent
easement in the streets of a city, is not entitled to com-
pensation from a street railway company as a condition
to the crossing of its tracks by the latter under a grant
of power from the city.

3. ———: ———. *Calvert v. State*, 34 Neb., 616, distinguished.

ERROR from the district court of Gage county.
Tried below before BABCOCK, J.

*John H. Ames, A. Hazlett,* and *J. W. Deweese,* for
plaintiff in error:

The defendant should be required to compen-
sate plaintiff for damages as a condition preced-
ent to constructing and using a crossing over the
latter's right of way. (*Nichols v. Ann Arbor & Y.
St. R. Co.*, 87 Mich., 361; *Ford v. Santa Cruz R. Co.*,
59 Cal., 290; *McQuaid v. Portland & V. R. Co.*, 18
Ore., 237; *Sixth Avenue R. Co. v. Kerr*, 72 N. Y.,
330; *Fidelity Trust & Safety Vault Co. v. Mobile St.
R. Co.*, 53 Fed. Rep., 687; *In re Rochester Water
Commissioners*, 66 N. Y., 413; *People v. Dutchess &
C. R. Co.*, 58 N. Y., 152; *People v. Chicago & A. R.
Co.*, 67 Ill., 118; *In re Trenton Water Power Co.*, 20

N. J. Law, 659; *People v. Troy & B. R. Co.*, 37 How.
Pr. [N. Y.], 427; *State v. Northern R. Co.*, 9 Rich.
[S. Car.], 247; *State v. Minneapolis & St. L. R. Co.*,
39 Minn., 219; *Chicago & N. W. R. Co. v. Chicago &
P. R. Co.*, 6 Biss. [U. S.], 219; *Little Miami & C. &
X. R. Co. v. City of Dayton*, 23 O. St., 510; *In re City
of Buffalo*, 68 N. Y., 167; *Milwaukee & St. P. R. Co.
v. City of Faribault*, 23 Minn., 167; *Railroad Com-
pany's Appeal*, 93 Pa. St., 150, 122 Pa. St., 511;
*Pennsylvania R. Co. v. Braddock Electric R. Co.*, 25
Atl. Rep. [Pa.], 780; *Grand Rapids N. & L. S. R.
Co. v. Grand Rapids & I. R. Co.*, 35 Mich., 265; *To-
ledo, A. A. & N. M. R. Co. v. Detroit, L. & N. R. Co.*,
62 Mich., 564; *Flint & P. M. R. Co. v. Detroit & B.
C. R. Co.*, 64 Mich., 350; *People v. Lake Shore & M.
S. R. Co.*, 52 Mich., 277; *St. Paul, M. & M. R. Co.
v. City of Minneapolis*, 35 Minn., 141.)

*J. E. Cobbey, contra.*

References: *Chicago, B. & Q. R. Co. v. City of
Quincy*, 28 N. E. Rep. [Ill.], 1069; *Highland Avenue
& B. R. Co. v. Birmingham U. R. Co.*, 9 So. Rep.
[Ala.], 569; *Buffalo, R. & P. R. Co. v. Du Bois T.
P. R. Co.*, 24 Atl. Rep. [Pa.], 181; *Chicago, B. & Q.
R. Co. v. West Chicago St. R. Co.*, 40 N. E. Rep.
[Ill.], 1008; *Kansas City, St. J. & C. B. R. Co. v. St.
Joseph T. R. Co.*, 3 L. R. A. [Mo.], 240; *Omaha
Horse R. Co. v. Cable Tramway Co.*, 30 Fed. Rep.,
331; *Owensborough & W. R. Co. v. Sutton*, 13 S. W.
Rep. [Ky.], 1086; *Houston & T. C. R. Co. v. Carson*,
1 S. W. Rep. [Tex.], 107; *Dubach v. Hannibal & St.
J. R. Co.*, 1 S. W. Rep. [Mo.], 86.

POST, C. J.

A question distinctly presented by this record
is whether a steam railroad company, which has

by ordinance acquired a permanent easement in the streets of a city, is entitled to compensation from a street railway company as a condition to the crossing of its tracks by the latter under a grant of power from the city. Adjudications directly in point are by no means numerous, although the question appears, whenever presented for determination, to have been resolved in the negative as an independent proposition, unaffected by the inquiry whether street car tracks are, or are not, an additional burden upon adjoining private property.

In *New York, N. H. & H. R. Co. v. Bridgeport Traction Co.*, 32 Atl. Rep. [Conn.], 953, the identical question was presented upon the application of the plaintiff for an injunction to restrain the threatened crossing by the defendant of its tracks in the city of Bridgeport. In the opinion of the court reversing the decree below for the plaintiff, this language is used: "It is further insisted that these special grants, if otherwise effectual, give the defendant no right to construct the crossing without first making compensation for the direct damage it will do to the plaintiff's property. The injunction was asked to prevent a threatened obstruction of the plaintiff's right of way. It is not alleged or found that it owns the fee of the highway. It has only a right to cross it at grade. The defendant's tracks are laid upon the highway by the authority of the state and as a highway for public travel. We are not called upon to consider whether electric cars impose any additional burden upon land occupied for a highway for which the owner of such land can claim compensation. The plaintiff is not in a position to raise that question. It claims

that the proposed crossing at Fairfield avenue
will affect the safe and beneficial use of its right
of way at that point, and thereby impair the
general value of its franchises and property. But
it holds these subject to the police power of the
state, under which the use of highways for all
purposes of public travel is fully within the con-
trol of the legislature."

The supreme court of Indiana, in *Chicago & C.
T. R. Co. v. Whiting, H. & E. C. St. R. Co.*, 139 Ind.,
297, affirmed a decree of the circuit court re-
straining the defendant below—a steam railroad
company—from interfering with the construc-
tion of the plaintiff's street car line across its
tracks in the city of Hammond. Referring to the
question of compensation it is there said: "Ap-
pellant contends that this will be a burden and
a hindrance to the free and unobstructed use of
the appellant's steam railway, which it is claimed
is a taking of private property without just com-
pensation, in violation of the constitution. True,
it is a hindrance and an obstruction to the use
of appellant's steam railway. But having ob-
tained its right of way subject to the burden of
the easement in the public generally, and the
street railway being entitled to the use of that
easement, all the rights appellant obtained in the
street for its steam railway were subject to the
right of the street railway to use the street. In
short, the appellant's rights obtained in the use
of the streets for its steam railway were subject
to the burden of the appellee's use thereof, in
the ordinary and proper manner, for its street
railway. The complaint shows that appellee was
only proposing to use the streets at the crossings,
in the ordinary and in a proper manner, for the

construction of street railway crossings, and that it had been hindered and obstructed therein by the appellant by the use of force. It would therefore not be a taking of private property without just compensation, because it does not propose to take from appellant anything it ever owned. It never owned its right of way over and across the streets named free from the burden of the public easement, a part of which belongs to the appellee, the street railway."

In *Du Bois T. P. R. Co. v. Buffalo R. & P. R. Co.*, 149 Pa. St., 1, the supreme court approve of an opinion by the common pleas judge, from which we quote the following: "There is therefore no such injury or damage done to the respondent's rights as are the subject of compensation in damages. The crossing of its track by the passenger railway company gives no greater right to damages, in the view we take of the case, than it would have if the claim was made against an omnibus line."

The same question was carefully considered by the supreme court of Illinois in *Chicago, B. & Q. R. Co. v. West Chicago S. R. Co.*, 156 Ill., 255, in which it is held that an ordinance of the city of Chicago authorizing the plaintiff to lay and operate its tracks across certain streets did not confer upon it an exclusive use of such crossings, but a use thereof to be enjoyed in common with the public; also that a railroad company which has acquired a permanent easement in the streets crossed by its tracks is not entitled to compensation for the crossing of such tracks by a street railway company under permission from the city, such easement being subordinate to the rights of the public, and the use of street cars being a le-

gitimate exercise of the public right is in no sense a violation thereof.

There are to be found many cases which rest upon the same principle as the foregoing, and in harmony therewith, but involving controversies between railroad companies or between street railway companies claiming superior easements in public streets. (See *Kansas City, St. J. & C. B. R. Co. v. St. Joseph T. R. Co.*, 97 Mo., 457; *Highland Avenue & B. R. Co. v. Birmingham U. R. Co.*, 9 So. Rep. [Ala.], 568; *Market Street R. Co. v. Central R. Co.*, 51 Cal., 583; *Omaha Horse R. Co. v. Cable Tramway Co.*, 32 Fed. Rep., 729.)

*Calvert v. State*, 34 Neb., 616, cited as opposed to the conclusion announced, is not in point, as that case turned upon an entirely different question. True the subject here involved was there suggested, although incidentally, as shown by the following language of MAXWELL, C. J., on page 632: "Whether the right exists to construct such a track across the network of railway tracks where trains are being constantly made up, we do not decide, because the question is not presented."

The doctrine of the cases cited, and which to us appears altogether reasonable and sound, is that a railroad company acquires no exclusive use of streets crossed by its tracks with the consent of the city or other municipal body, but must enjoy the right so conferred in common with the general public; that it is presumed to have contemplated the adoption of such improved means of travel as the exigencies of the case require in order to best subserve the public interests and necessities; and that any mere inconvenience suffered by it on account of the crossing of its lines

by the tracks of street railways by permission of the proper authorities is *damnum absque injuria.*

There are other questions presented by the record and other sufficient reasons for affirming the decree of the district court, but which, in view of the conclusion above stated, need not be noticed.

AFFIRMED.