POSTAL TELEGRAPH & CABLE CO. *v.* GULF & S. I. R. R. CO.

[70 South. 833.]

1. TELEGRAPHS AND TELEPHONES. *Construction of lines. Railroad's right of way. Servitude. Trespasser.*

    Where a telephone company acquired by condemnation a right of way for its line of poles over the right of way of a railroad company, it had no right to lease to a telegraph company the right to place one of its wires on the already erected poles of such telephone company without the consent of the railroad company, since the construction of the telegraph line would constitute an additional servitude on the railroad's right of way.

2. SAME.

    In such case the telegraph company in stringing its line on the poles of the telephone company was a mere trespasser and the railroad company had the right to remove from its premises such wire, using only such force and means as was reasonably necessary to preserve its own property.

3. SAME.

    In such case where the railroad company cut the telephone wire in numerous places in such a manner as to render it practically valueless, the telegraph company had a right to recover from it damages sufficient to remind the railroad company of the fact that it committed a wrong, and to compensate it for the injury sustained.

APPEAL from the chancery court of Forest county.

HON. J. MORGAN STEVENS, Chancellor.

Bill by the Postal Telegraph & Cable Company and the Mississippi Home Telephone Company, cross-complainants, against the Gulf & Ship Island Railroad Company. From a decree for defendant, cross-complainants appeal.

The Mississippi Home Telephone Company acquired by condemnation a right of way for its line of poles and wires from the city of Jackson to the city of Hattiesburg over the right of way of the appellee, Gulf & Ship Island Railroad Company for the purpose of carrying on its telephone business. The telephone company entered and erected its line of poles and strung thereon its wires from Jackson to Hattiesburg. Afterwards, in 1912, the telephone company leased to the Postal Telegraph Company the right to place one of its wires on the already-erected poles of the telephone company from Jackson

to Hattiesburg, for the purpose of carrying on its tele-
graph business. The telegraph company, under the
lease, proceeded to string its wire from Jackson to Hat-
tiesburg, a small portion of which was strung over the
protest of the railroad company. The railroad company
then filed its bill in the chancery court of Forrest county
asking for an injunction forbidding the further stringing
of the wire by the telegraph company. After the issu-
ance of this injunction, which was obeyed, and without
notice to the telegraph company, the railroad company
sent its employees in the nighttime and cut the wire of
the telegraph company in so many places and in such a
manner that it was practically destroyed and rendered
valueless. After the wire had been destroyed the rail-
road company filed a supplemental bill, asking that the
telegraph company be restrained from using the wire.
The telegraph company and the telephone company filed
their answer, presenting the question as to the right of
the telegraph company to string its wire on the poles
of the telephone company. The answers of each de-
fendant were made cross-bills, and asked for damages
for the destruction of, and injury to, the property of
the telegraph company and the telephone company. The
lower court held that the telegraph company had placed
its wire on the right of way without right, and that it
was a trespasser, and that its wire was an additional
servitude upon the right of way of the railroad com-
pany, and also decree that the destruction of the tele-
graph company's wire and the damage to the telephone
company's property was rightful, and denied cross-
complainants any damages for said destruction and
injury to the property; from which decree this appeal
here is taken.

*Flowers, Brown, Chambers & Cooper,* for appellant.
*B. E. Eaton,* for appellee.

Holden, J., delivered the opinion of the court.

The record in this case presents two questions for
our consideration, viz.: First, whether or not the tele-

graph company was a trespasser; and, second, whether or not the railroad company is liable to the telegraph and telephone companies in damages, regardless of whether the telegraph company was a trespasser or not. It is conceded by counsel for the appellants that the right acquired by the telephone company from the railroad company was a mere easement on the right of way of the railroad company. The question arises as to what were the powers and rights of the telephone company under the easement obtained from the railroad company. We think that the intent and purpose of the easement to the telephone company was to carry on its telephone business, and that it had no right to lease to another and different corporation the right to construct and establish its telegraph line upon this easement with which to carry on a telegraph business, and that this was an additional servitude not within the terms nor contemplated in the easement acquired by the telephone company. This is not a case where a telephone company has leased one of its wires to another company, nor is it a case where a telephone company has leased its wire to an outside party to be used for telephone purposes; but here is a lease of a right to a different corporation, engaged in a different kind of business, to construct its own wire for telegraphing purposes, and maintain the same, independently of the telephone company, over which it would conduct its telegraph business, separately and distinctly from the business of the telephone company; and it would use the wire, not for a telephone business, but for a telegraph business. We hold under the terms of the easement to the telephone company that this lease to the telegraph company would be an additional burden, and a use which could not be legally granted to it by the telephone company.

Counsel for appellants in his brief says:

"A railroad through proper proceedings condemns an easement through the lands of another and enters upon the land, lays its tracks, and operates its trains. It

possesses only an easement, and an easement to run its trains over the land. Another railroad company, with distinct and competing interest, by contract with t' original company obtains the right to operate its trains over this track. Is this an additional servitude, and is the latter company a trespasser?''

Counsel urges that a railroad company is permitted to use the easement of another railroad company, which is obtained by condemnation as recited above, and is not an additional servitude, and that the same principle is involved in the case here. We concede that the authorities hold that under such circumstances another railroad company with distinct and competing interests, by contract with the original company, may obtain the right to operate its trains over the tracks of the company holding the original easement. But in all the cases cited by counsel announcing this rule they were cases where the competing railroad had obtained the privilege by a lease of the right to use the track of the original railroad company, and are not cases where the competing railroad had built its own track on the original right of way and operated its railroad business on its own track on this right of way, independently of the other railroad company. *Ft. Worth & Rio Grande R. R. Co. v. Jennings,* 76 Tex. 373, 13 S. W. 270, 8 L. R. A. 180, holds:

''Building another railroad on a portion of the unused right of way of a company which has acquired an easement only in the land creates an additional servitude, and the consent of the owner of the land must first be obtained and compensation made to him for the damage.''

It appears clearly here, as already stated, that the telephone company did not undertake to lease a wire to the telegraph company to be used as a telephone wire, but it undertook to lease to the telegraph company the right to construct its own telegraph line upon the right of way for the purpose of carrying on its own business,

not a telephone business, but a telegraph business, and therefore the situation is not analogous to that in the railroad cases cited above by counsel for appellant; and the lease here by the telephone company to the telegraph company is for a similar, but different, use, which is inconsistent with the purposes for which the right of way was acquired by the telephone company; consequently it is an additional servitude which the telephone company had no right to grant to the telegraph company, and so the telegraph company was a trespasser.

Coming to the second question in this case, we think from this record that the telegraph company was a mere trespasser, having entered upon the premises in good faith under color of right. We also hold that the railroad company had a right to remove from its premises the property of the telegraph company, using such force and means as was reasonably necessary in removing the property in order to preserve and protect its own property interests.

Under the facts in this case, however, we think that the railroad company went beyond its lawful rights in the premises, and unnecessarily destroyed the property of the telegraph company, and also unnecessarily injured and damaged the property of the telephone company, some of which was not on the railroad right of way. 38 Cyc. 1053; Mead v. Pollock, 99 Ill. App. 151; Grier v. Ward, 23 Ga. 145. The conduct of the railroad company may be justly characterized as unwarranted and wrongful, and for which, under the evidence in the case, the lower court ought to have adjudged damages sufficient to remind the railroad company of the fact that it committed a wrong, and to compensate the injured parties.

The decree of the lower court in denying to the appellants any damages is reversed, but in all other respects shall remain in full force and effect, and this cause is remanded for the purpose only of adjudging the amount of damages to be recovered by the appellants.

*Reversed in part and remanded.*