LOUISVILLE & N. R. Co. *v.* JOULLIAN.

[76 South. 769, Division B.]

RAILROADS. *Right of way. Malicious destruction of property. Liability.*
Where a violent storm, dragged plaintiff's schooners from his canning factory and left them upon defendant's railroad track and the wrecking crew of the railroad company, wilfully and wantonly destroyed them at a time when there was no through traffic and the regular trains of defendant did not have occasion to pass until many days after the boat had been destroyed and there was time for the railroad company to have employed the service of those who knew how to jack up and remove the boats from the right of way or to permit plaintiff to do this work himself which could have been done in six hours. In such case defendant was liable in damages for the reckless destruction of plaintiff's property.

APPEAL from the circuit court of Harrison county. HON. J. H. NEVILLE, Judge.

Suit by J. F. Joullian, against the Louisville & Nashville Railroad Company. From a judgment for plaintiff, defendant appeals.

The facts are fully stated in the opinion of the court.

*Gregory L. Smith* and *Joel W. Goldsby,* for appellant.

The evidence shows, without contradiction, that the appellant's servants used every means within its reach, and as well as its best skill and material and labor a-

vailable for the purpose of getting the vessel off of the track without injury to it, and during this whole time appellee and his father, who were familiar with the handling of boats, were in the same neighborhood, were advised of the condition and position of the boat as well as the surroundings, and made no effort either to remove the boat themselves, or to direct the appellee's servants in removing it.

The sixth and seventh assignments of error are well taken and should be sustained. While it may be true that the appellant would not have been justified in unnecessarily doing injury to the property of the appellee, yet it had a right to protect its own property even at the expense and loss of the appellee, as is clearly established by the evidence in this case. *Beach* v. *Schoff*, 28 Pa. 195, 70 Am. Dec. 122.

And the refusal of the charges asked by the appellant as set out in the transcript of the record in the sixth and seventh assignment of error, was error in that they withdrew material questions from the consideration of the jury, and the court erred in so doing it and said assignments of error should be sustained. *McKeesport Sawmill Co.* v. *Pennsylvania Co.*, 122 Fed. 185-6 and 7.

As we understand the law, as plainly set out by the authorities, it was the duty of the appellee to move, at the earliest possible moment, and to be extraordinarily diligent in the removal of his vessel; that if he failed in that duty, the appellant was not bound to use the highest skill; that it was not bound to have skilled workmen and the best appliances to meet the emergency, but it was only necessary to have such persons and material as were available to it, under the surrounding circumstances, in attempting to remove the vessel from the track and that if it could not move it, under the circumstances of this case with the labor, skill and material which it had available, it had a right to destroy the vessel in order to clear its track,

under the circumstances as set out in the evidence in this case.

We respectfully submit that the judgment of the circuit court should be reversed.

*Dodds & Montgomery,* for appellees.

The third and fourth assignment of error attack the two instructions given for plaintiff and set out on pages 12 and 13 of the record. These instructions were drawn according to the rule laid down in the case of *Postal Telegraph and Cable Company* v. *Gulf & Ship Island Railroad Company,* 110 Miss. 770, 70 So. 833, where this court held that the Telegraph company had wrongfully strung its wires along and upon the right of way of the Gulf & Ship Island Railroad Company, and was therefore a trespasser. But the court held that the railroad could not use excessive force in the removal of the wire and was liable for damages caused by its own arbitrary destruction of the wire. *Postal Telegraph and Cable Company* v. *Gulf & Ship Island Railroad Company,* 110 Miss. 770, 70 So. 833.

This Postal Telegraph case cites with approval 38 Cyc. 1053, as the proper rule. We quote from this citation as follows: "Right *in rem* of defendant to realty not in possession of another. (1) In general. An owner of land may justify the removal of chattels which are wrongfully on his lands, however, but care must be used in the removal and it should be effected with as little injury to the chattels removed as is possible, and without the exercise of excessive force. 38 Cyc., page 1053.

We submit that appellee's instructions come squarely within the rule laid down by this court, and it was the theory of the defendant as shown by its notice under the general issue which is set out on page eight of the record, that the defendant used all its available

means and skill on hand and could not clear its tracks without destroying this boat. This theory was fully and squarely presented to the jury by instructions number four and six requested by and granted to defendant. These instructions are set out on pages sixteen and seventeen of the record.

Appellant cites two Pennsylvania cases, and contends for the rule there laid down. We submit to the court that in both of these cases the property of the defendant was greatly endangered and imperilled by the property of the plaintiff and its destruction was necessary to preserve from destruction the property of the defendant. This rule is a good one, founded on reason and common sense. We think it a good rule, but we submit that it does not touch this case top, side, nor bottom.

The conflict in the testimony having been decided by a jury, the instructions for plaintiff having been drawn squarely within the rule; and the whole theory of defendant having been fully presented to the jury by its own instructions, we submit that the case should be affirmed.

Stevens, J., delivered the opinion of the court.

While there are two cases, and a separate appeal in each, both will be disposed of in one opinion. The testimony in the two cases is slightly different, but the same legal principle controls the disposition of both appeals.

In September, 1915, a storm of great violence swept the Gulf Coast. During this storm two schooners belonging to the appellee, Mr. Joullian, were dragged from a certain canning factory of appellee across the marshes until they struck and were deposited upon the railroad of the appellant The schooner Two Sons, the value of which is sued for in cause No. 19,730, was carried a distance of three-fourths of a mile, while the other boat, the schooner Gabriel, was taken from her

moorings in the bayou and carried about a mile. After the storm had subsided, the employees of appellant, in clearing and repairing the track and rebuilding bridges, found both boats upon the track, and in order to clear the track, destroyed the plaintiff's property. The schooner Two Sons was, according to the testimony offered for the plaintiff, "busted to pieces and burned," while the schooner Gabriel was sawn in two and burned. Thereafter Mr. Joullian instituted separate suits for the value of the boats and recovered judgment in each case, from which the present appeals are prosecuted.

The evidence being in conflict, we must take the case as made by the plaintiff's testimony. This testimony tends to prove that the wrecking crew of appellant willfully and wantonly destroyed the plaintiff's property. This being true, disposition of these appeals would not be controlled by the case of *McKeesport Saw-mill Co.* v. *Pennsylvania Co.* (C. C.), 122 Fed. 185, and the authorities referred to by ARCHBALD, District Judge, in the opinion, upon which counsel for appellant rely. In the case just referred to, the railroad company in repairing a bridge across a stream had constructed certain false work for the bridge. A runaway coal barge floated down and against this false work, and endangered defendant's property. Not only was there immediate danger to the construction work of the railroad company but the proof showed, and the opinion states, that:

"There is no suggestion that it (the barge) was wantonly destroyed, and the evidence shows that it was cut to pieces only after other means had been tried and failed."

The boat there was "a floating nuisance." In the present case the testimony shows that the railroad bridge at Bay St. Louis on the north and the railroad bridge at Rigolets, in the direction of New Orleans, were both swept away by the storm, and the two boats involved in this litigation lay upon that part of the main

line of the railroad between these two bridges. At the time the boats were destroyed there was no through traffic, and the regular trains of appellant did not have occasion to pass until many days after the boats had been destroyed. In other words, there was time for the railway company to employ the services of those who knew how to jack up and remove the boat from the right of way, or to permit the plaintiff to do this work for himself. The proof shows this could have been done in six hours. This is the case as made by and for the plaintiff. There is also testimony in one of the cases tending to show that appellant had a passing unobstructed side track at the point where one of the boats lay. The proof justifies the conclusion that the foreman of appellant was reckless and employed unnecessary force in removing the obstructions. The boats were deposited upon the railroad track through no fault of either party. The instructions given the defendant were liberal and favorable. Two of these instructions advised the jury that:

"It was the duty of the plaintiff to remove said boat at the earliest possible moment, and to use extraordinary diligence in said removal, and if the plaintiff failed * * * that the deffendant had a right to remove said boat, and that in so removing it, it was not bound to use the highest skill, either of workmanship or appliances, that it was only bound to have such ordinary and careful men and such appliances, which under the circumstances and the time and place were immediately available to it, for the purpose of moving said boat."

While the present cases are somewhat different from, yet they are within, the principle approved by our court in *Postal Telegraph-Cable Co.* v. *Gulf & Ship Island R. R. Co.*, 110 Miss. 770, 70 So. 833.

*Affirmed.*