SOUTHWESTERN BELL TEL. CO. et al. v. TEXAS & N. O. R. CO.

No. 9756.

Circuit Court of Appeals, Fifth Circuit.

Feb. 17, 1942.

Rehearing Denied March 24, 1942.

John H. Bickett, Jr. and C. M. Means, both of Dallas, Tex., and K. W. Denman, of Lufkin, Tex., for appellants.

Roy L. Arterbury, of Houston, Tex., for appellee.

Before FOSTER and HUTCHESON, Circuit Judges, and DAWKINS, District Judge.

FOSTER, Circuit Judge.

In this case the material facts as found by the District Court may be briefly stated. Texas and New Orleans Railroad Co. is the owner of a right of way, occupied by its tracks, through Angelina County, Texas. Southwestern Telegraph & Telephone Co. acquired an easement over the right of way from its predecessor, the Houston East & West Texas Railway Co., by condemnation

**700**

proceeding in state courts, for the purpose of erecting poles and stringing telephone wires. This right was transferred to Southwestern Bell Telephone Co., which company in turn leased space on its poles to Lufkin Telephone Exchange, a local Company, for the purpose of stringing telephone wires. The Western Union Telegraph Co. has an easement over the same right of way and the railway company participates in any rents collected from other companies, for the use of those poles and wires, and also has the use of the wires of the Western Union for its own business.

This suit was brought by the Texas and New Orleans Railway Co. against the Southwestern Bell Telephone Co. and the Lufkin Telephone Exchange, to enjoin them from any further use of the poles by the Lufkin Telephone Exchange and to recover the reasonable rental for the time they had been so used. The District Court entered judgment against both companies, enjoining the further use of the poles by the Lufkin Telephone Exchange, and awarded a money judgment of $505.50 for the reasonable value of the use of the poles by the Lufkin Telephone Exchange.

 The rights of the Southwestern Bell Telephone Company are to be determined by the condemnation judgments. They are lengthy and go into great detail as to the method of erecting poles, placing cross arms and stringing wires. The important provision of the judgment is that plaintiff shall have an easement on the railroad's right of way for the purpose of building, operating and maintaining thereon its telegraph and telephone lines, having ingress and egress to the said lands for that purpose. The judgments do not give to the Southwestern Telephone and Telegraph Co. and its successor, Southwestern Bell Telephone Co., defendant herein, the right to lease its wires to another telephone company nor permit another telephone company to go upon the right of way to add additional cross arms to its poles and string wires thereon. They gave the right to the original telephone company and its successor to use the easement for its own business.

The judgment of the District Court was right. Fort Worth & Rio Grande R. Co. v. Jennings, 76 Tex. 373, 13 S.W. 270, 8 L.R.A. 180; 29 C.J.S., Eminent Domain, § 327c, p. 1366; and 18 Am.Jur. 742, § 117 "Eminent Domain."

The judgment is affirmed.