The DeKalb County Telephone Company

*v.*

Rosina A. Dutton.

*Opinion filed June 19, 1907.*

1. Telephones—*telephone line is an additional servitude upon street where fee is in abutting owner.* A telephone line of an ordinary local exchange in a city, town or village is an additional servitude upon streets the fee of which is in abutting owners, the same as in the case of a long distance telephone line in a rural highway; and this is true even though the municipal corporation has the privilege of using the telephone poles for fire alarm and police signal wires.

2. Same—*when license to erect telephone line is not void.* A license to erect a telephone line, granted by a city to individuals, who shortly thereafter assigned it to a corporation, which installed the line and put the same in operation for several years, with the knowledge and consent of the city, which accepted the use of telephones and the use of the poles for fire alarm and police signal wires, is not void.

3. Injunction—*when an injunction restraining construction of a telephone line is too broad.* An injunction restraining the construction of a telephone line in a street the fee of which is in the complainant, who has not been compensated for the use, is too broad, where it covers more than that portion of the street in which the complainant owns the fee and where the grant under which the telephone company is acting is not void. (*Wilder* v. *Aurora, DeKalb and Rockford Traction Co.* 216 Ill. 493, distinguished.)

Appeal from the Circuit Court of DeKalb county; the Hon. Charles A. Bishop, Judge, presiding.

Rosina A. Dutton, appellee, filed her bill in the circuit court of DeKalb county praying for an injunction to restrain appellant from erecting a telephone line on State street west of California street, in the city of Sycamore.

It is alleged in the bill that appellee is the owner in fee of certain real estate in the city of Sycamore abutting on a part of that portion of State street which is west of California street, which realty extends to the center line of the street; that her property is improved, and that appellant, an Illinois corporation, without authority of law, without paying compensation to appellee, without her consent and without attempting to condemn or purchase from her, is about to erect a telephone line on that portion of the street in which she owns the fee, and also on all "that portion of said State street extending westerly from the west line of California street, in said city;" that said telephone company has not been granted any license, permit or franchise by the city to erect and maintain a telephone line in said city; that no such license, permit or franchise has been recorded in the recorder's office of said DeKalb county, as required by statute; that said telephone company is not the owner of any license, permit or franchise for the erection or maintenance of a telephone line in said city; that said telephone company is about to enter on said State street, and upon the fee therein owned by appellee make excavations and tear up the

surface, set poles, with cross-arms, and string wires, with a view to constructing and maintaining a telephone line thereon and operating the same; that by so doing it will discommode public travel, destroy and greatly damage trees which complainant has planted in the parking along the southerly side of said street and upon her premises, and will interfere with her right of ingress and egress to and from her property, to her irreparable injury.

The answer avers that appellant has full authority, as and against the public, to do the proposed work, and sets out the license from the city council and the assignment of that license to appellant; avers that it had operated under that license and assignment since October 1, 1895; that the city has recognized appellant's rights and directed it in its operations; that it has furnished the city with telephones and the use of its poles for attachment for fire alarm and police signal service, and had before the filing of the bill more than four hundred telephones in operation; that the proposed act of appellant sought to be enjoined was expressly authorized by the city, and the poles sought to be erected were also for the use of the city for fire alarm and telephone purposes; denies that the proposed work would discommode public travel or destroy or greatly damage trees which appellee had planted in the parking or would interfere with her right of ingress or egress to and from her property; denies that appellant proposed to tear up or excavate the street except to dig holes for telephone poles.

The ordinance under which the appellant was operating, which is set out in the answer, first granted the right to two individuals, their successors or assigns, and the license was afterward assigned by them to appellant. It provides, among other things, that the city shall have the free use of a telephone and shall have the right to attach to any of said poles the "city fire alarm or police wires," if done under the direction of the telephone company and in a manner not to interfere with the proper operation of the wires of said

company; also, that the erection of poles, wires and fixtures shall be under the direction of the city council, but in no case shall the same be erected so as to interfere with travel or other legitimate use of the highway.

The cause, by agreement, was heard on the bill and answer, and the court entered a decree perpetually restraining and enjoining appellant from going upon that part of State street, in the city of Sycamore, lying westerly of the west line of California street, in said city, which includes that portion of State street in which appellee owns the fee, for the purpose of building and constructing a telephone line therein. The telephone company appealed, and urges that the court erred in entering a decree for appellee as to that portion of the street in which she owned the fee, and erred in entering a decree restraining the appellant as to portions of the street in which appellee did not own the fee.

Carnes, Faissler & Cochran, for appellant.

W. J. Fulton, and J. B. Stephens, for appellee.

Mr. Justice Scott delivered the opinion of the court:

The principal question in this case is, do the lines and poles of a telephone system upon the street of a city constitute an additional servitude where the fee is in the owner of abutting property?

Appellee's contention is, that where the telephone company so occupies the street without the consent of the owner of the fee and without having condemned the property occupied, its action amounts to taking and damaging private property without making just compensation therefor. This proposition has not been before squarely presented in this court but analogous questions have been discussed here. In *Board of Trade Tel. Co.* v. *Barnett,* 107 Ill. 507, it was determined that a telegraph line upon a public highway constituted an additional servitude upon the fee, and in com-

paring the use of the public way by a railway company with its use by a telegraph company the following statement was made (p. 516) : "In the same sense the construction of a line of telegraph on the highway is an additional servitude to which the fee of the land had not before been subjected. The servitude differs more in degree than in character, and, whether the damages are great or small, the corporation asking for or appropriating to itself the benefit of such new servitude must make just compensation to the owner of the fee."

In *Chicago, Burlington and Quincy Railroad Co.* v. *West Chicago Street Railroad Co.* 156 Ill. 255, in discussing the extent of the right of a street railway company in a street, it was said (p. 269) : "Telegraph poles erected upon a highway serve no useful purpose in regard to the highway, and telegraph and telephone poles erected upon a street are not directly ancillary to the use of the street as such. For this reason they are held to be an additional servitude in the street."

In *Carpenter* v. *Capital Electric Co.* 178 Ill. 29, adjoining owners had an easement of travel over a private alley within the city of Springfield, and it was held that an electric company having authority from the city to erect poles and string wires in the public streets and alleys was without right to use the private alley for the same purpose without the consent of the owner of the fee, the conclusion being that "the principle which is applied to the erection of telegraph poles on a public highway where the fee of the highway to the center thereof is in the abutting owner, and to the stringing of wires upon said poles over the highway, applies to a private alley like that here under consideration, where the fee of the ground is in the owner of the property abutting upon the alley."

In *Postal Telegraph-Cable Co.* v. *Eaton,* 170 Ill. 513, it was again held that the construction of a telegraph line in a public highway constituted an additional servitude upon

the fee, and that the owner might sue in trespass or bring ejectment.

In *Doane* v. *Lake Street Elevated Railroad Co.* 165 Ill. 510, it was said that the holding in the case above referred to in 156 Ill. 255, was, "that a street railway operated by electricity, with trolley posts on the streets, was not a new servitude of the street, and that the poles were not unwarranted obstructions in the same, as are telegraph and telephone poles."

In *Burrall* v. *American Tel. Co.* 224 Ill. 266, we said that "a telephone line in a public highway is an additional burden upon the fee, for which the owner of the fee is entitled to compensation."

There can be no doubt that under the law in this State, as heretofore announced, a long distance telephone line places an additional servitude upon the fee in a rural highway. It is contended, however, that there is a distinction in this regard between the use of a street in a city or village by a telephone company operating an ordinary local telephone exchange, and the use of a rural highway by a telephone company operating a long distance telephone system. We are disposed to think that the attempted distinction is without any substantial basis. The theory upon which it is argued that the use of the street or highway for telephone service is not an additional servitude is, that one of the purposes for which a street or highway may be primarily used is for the transmission of intelligence by messenger, on foot or horseback or by vehicle, and that the use of the same ways for communication by means of a telephone system is merely to use the street or highway for the same purpose in another and more convenient manner. For example: If A, living at one end of a street, desires to send a message to B, at the other end of the same street, his right to do so by messenger traveling through the street is beyond question. This being true, it is urged that to transmit the same message by telephone is to make use of the

street for the same purpose for which it might primarily have been used. It may be answered to this that the primary right to send the message through the street is the right to send it by some agency traveling through the street. The discussion of that question, however, is profitless in view of the fact that under our own authorities there is no room to contend that the poles and lines of a long distance telephone company in a rural highway are not an additional servitude upon the fee. The only question is whether there is a distinction between the rural highway and the urban street.

If the contention that the poles and wires of a telephone system in a street did not constitute an additional servitude for the reason that they merely facilitated the transmission of intelligence through the streets was tenable, the statement that has been made by this court in reference to the effect of placing the lines and poles of a long distance system in the country highway would not have been made, for the reason that the result of the operation of a long distance system in the highway in the country and of the operation of the local exchange in the streets of the city is precisely the same, viz., it hastens and facilitates the transmission of intelligence. If the effect upon the street was merely to subject the street to modern and improved methods of using the street for the purpose for which it was originally dedicated or condemned, the same would likewise be true of the use of the rural highway, and a conclusion directly contrary to that stated in the *Burrall case* would have been reached by this court. It is, of course, true, as urged by appellant, that the uses to which the street within the city may be put by the public are much more numerous than those to which the rural way may be subjected, but that fact seems to be without significance in determining this question. No reason has been given which could lead us to the conclusion that the telephone lines within the city are not an additional servitude while holding that similar lines in the rural highway are an additional servitude.

We think that this attempt to distinguish, results from an over-enthusiastic desire to remove barriers that to some degree prevent the enjoyment of the telephone by the public. While it is most desirable that the use of this convenience should be as untrammeled as possible and that no unnecessary obstructions should be thrown in the way of the extension of its wires, it is no less important that the right of the individual owner of the property should not be sacrificed for the general welfare, excepting so far as that may be done without violation of constitutional guaranties.

Courts of last resort in various States have considered this question and have reached different conclusions. In the briefs of the parties filed herein the cases have been collated and ably discussed. Text writers generally uphold the contention of appellee. Elliott on Roads and Streets, (2d ed.) secs. 705, 706; Lewis on Eminent Domain, (2d ed.) sec. 131; Jones on Telegraph and Telephone Companies, secs. 107, 109; Croswell on Electricity, sec. 110; Randolph on Eminent Domain, sec. 407; Dillon on Mun. Corp. (4th ed.) sec. 698a.

The cases of *Nicoll* v. *New York and New Jersey Tel. Co.* 62 N. J. L. 735, *Krueger* v. *Wisconsin Tel. Co.* 106 Wis. 96, and *Bronson* v. *Albion Tel. Co.* 67 Neb. 111, we think directly in point, and they warrant the conclusion reached by the circuit court. We have been referred also to a large number of cases which, while not directly in point, yet on principle lead to the same determination.

It is then urged, that although a telephone system be an additional servitude upon the fee, yet where the city, as in this instance, has the right to use the same poles for its fire alarm and police signal system an additional servitude is not imposed. No citation of authority is necessary to show the fallacy of this theory. We have, by our own decisions and the other authorities above referred to, been led to conclude that the poles and wires of a telephone system in the street are an additional servitude upon the fee possessed by

an abutting owner. This being true, the use of the poles by the city for some purpose of the city while they are still being used by the telephone company would not relieve the fee.

We are of the opinion, however, that the decree in this case is erroneous in one respect. It enjoins the erection of the telephone lines in a portion of State street in which appellee does not own the fee and upon which her property does not abut. The injunction in this regard is sought to be upheld on the theory that the permit is invalid for the reason that it was originally to individuals and not to a corporation. Shortly after the license was granted by the city council the licensees assigned it to appellant. That company, acting thereunder, constructed and placed in operation a telephone system prior to October, 1895, and operated the same from thence down to the time of the filing of the bill herein, all with the knowledge and consent of the city authorities. Under these circumstances there is no basis for the contention that the grant is not effective.

It is then urged, upon the authority of *Wilder* v. *Aurora, DeKalb and Rockford Traction Co.* 216 Ill. 493, that as appellee is the owner of the fee in a part of the street she is entitled to an injunction covering the entire street. That case is not in point, because the ordinance there was void. No fact appears from this record which entitles appellee to an injunction as to any part of the street in which she does not own the fee.

The decree will be modified so that appellant will be restrained from constructing its lines over and upon that part of the street, only, in which appellee is seized of the fee. Each party will pay one-half the costs in this court.

*Decree modified and affirmed.*